## STATE vs. LORENZO M. MASSEY.

**1. ABORTION—ELEMENTS OF OFFENSE.**

In a prosecution for an attempt to produce a miscarriage, committed in violation of Act February 13, 1883 (*Rev. Code* 1852, amended to 1893, *p.* 930 [17 *Del. Laws, c.* 226] ) § 2, providing that every person who, with intent to procure the miscarriage of any pregnant woman, unless the same shall be necessary to preserve her life, shall administer any drug or use any instrument to produce a miscarriage, shall be guilty of a felony, whether a miscarriage results or not, the state must show accused's use of drugs or instrument with intent to produce the miscarriage of a pregnant woman, or a woman whom accused supposed to be pregnant, and that such miscarriage was not necessary to preserve the life of the woman.

**2. ABORTION—ATTEMPTED ABORTION—ESSENTIALS.**

Under Act February 13th, 1883 (*Rev. Code* 1852, amended to 1893, *p.* 930 [17 *Del. Laws, c.* 226]) § 2, denouncing the crime of abortion, an accused may be guilty, though no miscarriage result.

**3. ABORTION—ATTEMPTED ABORTION—ESSENTIALS.**

Under Act February 13th, 1883 (*Rev. Code* 1852, amended to 1893, *p.* 930 [17 *Del. Laws, c.* 226]) § 2, denouncing the crime of abortion, it is no defense to a prosecution to show that the female consented; the intent to produce an unlawful abortion being the gravamen of the crime.

**4. CRIMINAL LAW—DEFENSES—"ALIBI".**

The defense of an "alibi" is that accused was not present at the place where the crime was committed.

**5. CRIMINAL LAW—TRIAL—QUESTIONS FOR JURY.**

The jury is the judge of the weight of the testimony and the credibility of the witnesses, and in determining those facts should consider the character of the witnesses and their relation and interest to the outcome of the prosecution.

**6. CRIMINAL LAW—EVIDENCE—PRESUMPTION OF INNOCENCE.**

Every accused person is presumed to be innocent until he is proven guilty beyond a reasonable doubt.

**7. CRIMINAL LAW—EVIDENCE—REASONABLE DOUBT.**

Reasonable doubt is not a mere imaginary or possible doubt, but a reasonable doubt, which intelligent men may entertain after a consideration of all of the evidence introduced in a criminal prosecution.

(*October* 5, 1911.)

PENNEWILL, C. J., and WOOLLEY and RICE, J. J., sitting.

*Frank M. Jones*, Deputy Attorney General, for the State.

*Charles W. Cullen* and *Albert Worth* for the defendant.

Court of General Sessions, Sussex County, October Term, 1911.

INDICTMENT FOR ABORTION; the charge relied upon being that

the defendant unlawfully, feloniously and with the intent to procure the miscarriage of Maggie E. Blades, she being a pregnant woman, then and there supposed by the defendant to be pregnant, did use a certain instrument upon the said Maggie E. Blades with intent to procure the miscarriage of her, the same not being necessary to preserve her life.

PENNEWILL, C. J., charging the jury:

Gentlemen of the jury:—You will find that there are four counts in this indictment against the prisoner, but the state, as you have heard, relies entirely upon the fourth, that is, the last count in the indictment, which charges that the prisoner, Lorenzo M. Massey, did on the sixteenth day of July, of the present year, unlawfully, feloniously, and with the intent to procure the miscarriage of one Maggie E. Blades, she, the said Maggie E. Blades, then and there being a pregnant woman, then and there supposed by the said Lorenzo M. Massey to be pregnant, did use a certain instrument upon her the said Maggie E. Blades with intent to procure the miscarriage of her, the said Maggie E. Blades, the same not being necessary to preserve the life of her, the said Maggie E. Blades.

[1] This indictment is based upon the provision of the act of the General Assembly passed February 13th, 1883 (*Revised Code, p.* 930), *section* 2 of which is in this language:

"Every person who, with the intent to procure the miscarriage of any pregnant woman or women supposed by such person to be pregnant, unless the same be necessary to preserve her life, shall administer to her, advise, or prescribe for her, or cause to be taken by her any posion, drug, medicine, or other noxious thing, or shall use any instrument or other means whatsoever, or shall aid, assist, or counsel any person so intending to procure a miscarriage, whether said miscarriage be accomplished or not, shall be guilty of a felony," etc.

In order to warrant the jury in the present instance in finding a verdict of guilty under this statute, the burden is on the state to prove to your satisfaction beyond a reasonable doubt (1) that the prisoner, Lorenzo M. Massey, on the sixteenth day of

July of the present year, in this county, used an instrument as alleged in this indictment;  (2) that he so used it then and there with the intent to procure a miscarriage of Maggie E. Blades, she being then and there pregnant, or the said prisoner supposing her to be pregnant;  and (3) that said miscarriage was not then and there necessary to preserve the life of the said Maggie E. Blades.

[2, 3]  If you are satisfied beyond a reasonable doubt that the state has proved all these facts which are essential to constitute the elements of the alleged felony, your verdict should be guilty.  If you are not so satisfied, your verdict should be not guilty.·  It is not necessary for the state to prove that the prisoner actually caused or accomplished the alleged miscarriage of Maggie E. Blades.  It would be sufficient, so far as respects this element of the offense charged, if you are satisfied that the prisoner used the alleged instrument with the intent to procure a miscarriage of Maggie E. Blades, whether such intent was accomplished or not.  Nor would the consent of Maggie E. Blades to the prisoner's alleged attempt to procure her miscarriage be a sufficient or lawful defense for him, in view of the positive provision of said statute, if the prisoner actually used an instrument as alleged in the indictment.

We may say to you, that the gravamen of this offense is the intent.  If you believe the woman was pregnant, or that the defendant supposed her to be, and that he used the alleged instrument, you are to decide whether he used it for the purpose, and with the intent, of procuring a miscarriage.  If he did use the instrument, but you believe it was for some other purpose, or with some other intent, than to procure a miscarriage, it would not constitute the crime charged under this statute.  The specific intent here is to produce the miscarriage, and the act or advice must relate to that.

[4]  The defense set up in this case is what is termed in law an *alibi*, the meaning of which is that the defendant at the time of the alleged commission of the offense was elsewhere—not at the place where the crime is alleged to have been committed, and therefore could not have committed the offense.

You have heard the testimony in this case, and it now

becomes your duty to carefully and conscientiously consider that testimony in order to reach a just verdict. We may say to you that you are the judges of the weight of the testimony and the credibility of the witnesses, and in determining these facts you have a right to consider the character of the witnesses, as you have seen them upon the stand, their relation to this particular case and their interest as affected thereby.

In conclusion we say that every accused person is presumed to be innocent until he is proven guilty beyond a reasonable doubt. A reasonable doubt in legal contemplation is not a mere imaginary, whimsical or possible doubt, but such a reasonable and substantial doubt as intelligent and impartial men may reasonably entertain after a careful consideration of all the evidence.

The case is now submitted to you for your verdict in accordance with the facts as you find them, and with the law as the court has given it for your guidance.

Verdict, guilty.